UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D.M., by his mother, TAMIKA MCCALLEB, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| vs. | ) ) | Judge |
| CRAIG RYAN and BRADLEY-BOURBONNAIS COMMUNITY HIGH SCHOOL DISTRICT 307, | ) ) ) ) | Jury Demand |
| Defendants. | ) | |

COMPLAINT

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. §§ 1331 and 1343(a); and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a).

**PARTIES**

2. Plaintiff D.M. is the minor child of Tamika McCalleb, lives with his mother in Bourbonnais, Illinois and is a student in Bradley-Bourbonnais Community High School operated by Defendant Bradley-Bourbonnais Community High School District 307 ("District"). He is suing through his mother, Tamika McCalleb.

3. Defendant Craig Ryan was, at the time of this occurrence, a teacher at the District's Bradley-Bourbonnais Community High School. He is sued in his individual capacity.

4. Defendant Bradley-Bourbonnais Community High School District 307 is a public school district in the Village of Bradley, County of Kankakee, State of Illinois. Defendant

Bradley-Bourbonnais Community High School District 307 is comprised of Bradley School District 61, Bourbonnais School District 53 and St. George School District 258. Defendant School District receives local, state, and federal funding.

5. Defendant Craig Ryan engaged in the conduct complained of while he was working as a teacher and this conduct was within the scope of his employment with Bradley-Bourbonnais Community High School District 307.

6. At all times material to this complaint, defendant Craig Ryan was acting under color of state law, ordinance, and/or regulation.

**FACTS**

7. In May of 2011, plaintiff D.M. was fourteen years old, stood five feet eight inches tall, and weighed one hundred and thirty pounds. D.M. was about to finish his freshman year of high school at Bradley-Bourbonnais Community High School (BBCHS). D.M. lived with his mother, Tamika McCalleb, who maintained full-time employment.

8. On the morning of May 2, 2011, D.M. was standing by his older brother's locker in the hallway of BBCHS waiting for class to begin when D.M. and his older brother got into an argument with one of D.M.'s classmates, J.T., regarding J.T.'s mistreatment of D.M.'s younger brother.

9. As the argument continued, D.M. punched J.T. once and both of them fell to the ground.

10. J.T. got to his feet and walked away from D.M. who was still on the ground.

11. As D.M. was getting up off of the ground, defendant Craig Ryan intentionally tackled D.M., causing a severe fracture of D.M.'s left ankle.

12. At the time defendant Ryan tackled D.M., the altercation between D.M. and J.T. was finished, J.T. had walked away from D.M., and D.M. posed no immediate threat to J.T. or to anyone else.

13. As a direct and proximate result of defendant Ryan' actions, as detailed above, plaintiff suffered, *inter alia*, loss of freedom, bodily injury, pain and suffering, extreme mental distress and anguish, and was forced to seek medical attention and incur medical bills and costs for the injuries inflicted on him by defendant Ryan.

## COUNT I
### [42 U.S.C. § 1983 claim for unreasonable seizure by physically abusing plaintiff]

14. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

15. The actions of defendant Ryan in physically abusing plaintiff were done unreasonably under the circumstances, violated plaintiff's Fourth Amendment right to be free from unreasonable seizures, and caused the injuries set forth above.

WHEREFORE, plaintiff demands actual or compensatory damages from defendant Ryan. Additionally, because defendant Ryan acted maliciously, wilfully, wantonly, and/or in reckless disregard for plaintiff's constitutional rights, plaintiff demands punitive damages from defendant Ryan. Plaintiff also demands costs and attorneys' fees and whatever additional relief this Court deems equitable and just.

## COUNT II
### [State Law Claim for Battery]

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

17. The actions of defendant Ryan constituted the tort of battery under Illinois state law.

18. The actions of defendant Ryan in tackling D.M. and breaking his ankle were willful

and wanton.

WHEREFORE plaintiff demands actual or compensatory damages against defendant Ryan. Additionally, because defendant Ryan acted maliciously, wilfully, wantonly, and/or with reckless disregard for plaintiff's rights, plaintiff demands punitive damages from defendant Ryan. Plaintiff also demands costs and whatever additional relief this Court deems equitable and just.

## COUNT III
[*Respondeat Superior* against Bradley-Bourbonnais Community High School District 307]

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

20. Defendant Ryan committed the acts alleged above in the scope of his employment with the Bradley-Bourbonnais Community High School District 307.

21. Defendant Bradley-Bourbonnais Community High School District 307 is liable for the acts of defendant Ryan which violated state law under the doctrine of *respondeat superior*.

WHEREFORE, plaintiff seeks compensatory damages against defendant Bradley-Bourbonnais Community High School District 307 plus costs and any additional relief this Court deems just and equitable.

## COUNT IV
[Indemnification Claim against Bradley-Bourbonnais Community High School District 307]

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

23. Defendant Bradley-Bourbonnais Community High School District 307 was the employer of defendant Ryan at all times material to this complaint.

24. Defendant Ryan committed the acts alleged above under color of law and in the scope

of his employment as an employee of Bradley-Bourbonnais Community High School District 307.

WHEREFORE plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant Bradley-Bourbonnais Community High School District 307 in the amount awarded to plaintiff against defendant Ryan as damages, attorneys' fees, costs and interest, and/or for any settlement entered into between plaintiff and defendant Ryan and for whatever additional relief this Court deems equitable and just.

Dated: June 17, 2011                    Respectfully Submitted,

/s/ Ben H. Elson
Ben H. Elson, John L. Stainthorp
Attorneys for Plaintiff
People's Law Office
1180 N. Milwaukee
Chicago, IL 60642
773/235-0070

**Plaintiff demands a jury trial**.